132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James CAPUTO, Plaintiff-Appellant,
v.
J.J. CLARK, Warden, Defendant-Appellee.
 No. 97-1753.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1997.*
Decided Dec. 12, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.
 
 
 2
 Before COFFEY, EASTERBROOK, KANNE, JJ.
 
 ORDER
 
 3
 Federal prisoner James Caputo appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. §§ 2241, 2253. He sought admission to a Bureau of Prisons ("BOP") program permitting discretionary early release based on completion of a substance abuse treatment program, but his application was denied because of a prior conviction. He exhausted his administrative remedies, then filed a petition for habeas relief which the district court denied. On appeal, Caputo argues that the BOP impermissibly narrowed the eligibility requirements established by Congress under the early release program's enabling statute. We affirm.
 
 
 4
 In 1976, Caputo was found guilty of misdemeanor aggravated assault and was sentenced by an Illinois court to two years probation and fined $300. In 1991, he pleaded guilty to interstate travel in aid of racketeering enterprises, see 18 U.S.C § 1952, conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine, see 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to 120 months imprisonment and five years of supervised release.
 
 
 5
 Shortly after he began serving his time, Caputo entered a drug treatment program which he successfully completed. Congress subsequently enacted 18 U.S.C. § 3621 as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub L. No. 103-322, 108 Stat. 1796. The statute directed the BOP to provide substance abuse treatment for prisoners who, in the judgment of the BOP, had treatable conditions of substance addition or abuse. See 18 U.S.C. § 3621(b). As an "incentive" for prisoners to complete the program, Congress granted the BOP discretionary authority to reduce, up to a year, the period of incarceration for a prisoner "convicted of a nonviolent offense." Id. at § 3621(e)(2)(B). The BOP then promulgated.28 C.F.R. § 550.58 to implement the Act and establish the program's specific eligibility requirements. The regulation states in relevant part, "The following categories of inmates are not eligible: ... inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. [ § ] 924(c), [and] inmates who have a prior conviction for ... aggravated assault." As a consequence, the BOP informed Caputo, who had applied for the program, that his prior misdemeanor conviction for aggravated assault rendered him ineligible for participation.
 
 
 6
 Caputo petitioned the district court for a writ of habeas corpus, arguing that the BOP's consideration of prior convictions and its failure to distinguish between felony and misdemeanor offenses in 28 C.F.R. § 550.58 thwarted "congressional intent" by barring potential program candidates. He also argued that his prior conviction was too distant temporally to be considered by the BOP. The district court disagreed, explaining that 28 C.F.R. § 550.58 neither exceeded the BOP's congressional authority, nor was the agency's definition of "nonviolent offense" inconsistent with the language of the statute. The court's holding is reviewed de novo on appeal. See Bocian v. Godinez, 101 F.3d 465, 468 (7th Cir.1996).
 
 
 7
 As a preliminary matter, it is not clear that Caputo's claim amounts to an assertion that he is being held "in custody in violation of the Constitution or laws .... of the United States," 28 U.S.C. § 241(c)(3), and thus, that section 2241 is the appropriate vehicle for the relief he seeks. See Waletzki v. Keohane, 13 F.3d 1079, 1080-82 (7th Cir.1994). The government does not challenge Caputo on this point. We need not decide the issue, however, because Caputo's assertion that 28 C.F.R. § 550.58 impermissibly thwarts congressional intention by excluding otherwise qualified prisoners is unavailing. Neither the statute nor its legislative history suggest that the Bureau must limit program eligibility criteria to the offense of current conviction, see Jacks v. Crabtree, 114 F.3d 983, 984 (9th Cir1997), nor do they suggest that Congress intended that all prisoners whose current convictions are based on non-violent crimes should be eligible. Congress authorized the BOP, at its discretion and in the exercise of its judgment, to reduce the period of imprisonment for prisoners who completed substance abuse programs, "based on criteria to be established and uniformly applied" by the BOP. H.R. Rep. 103-320, 103d Cong., 1st Sess., at 6 (1993). The BOP is the administrative agency charged with overseeing the federal prison system; it was not unreasonable for the BOP to conclude that a prior conviction for a violent offense was "a good indicator of potential violence." Jacks, 114 F.3d at 986; see also Drug Abuse Treatment Programs: Early Release Consideration, 60 Fed.Reg. 27,692 (1995) (codified at 28 C.F.R. pt. 550). Moreover, 28 C.F.R. § 550.58 is a properly promulgated BOP regulation, and must be granted "controlling weight" unless it is "arbitrary, capricious, or manifestly contrary to the statute" that it interprets, Chevron. U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984), which it clearly is not.
 
 
 8
 Caputo's next argument, that his misdemeanor, conviction by statutory definition involved no bodily contact, and thus cannot be a "crime of violence" for program purposes, is likewise unavailing. Indeed, it suggests exactly the type of problem the BOP attempted to avoid in executing its congressional mandate to develop and apply uniform program standards. The BOP has explained, "state convictions may show a considerable range in the degree of violence used in the offense," Drug Abuse Treatment, 60 FR. at 27692, see also H.R. Rep. 103-320, at 6. As a result, the agency took the position that "any adult conviction ... at any time" for aggravated assault is sufficient to exclude potential applicants, BOP Program Statement 5330.10, ch. 6, at 2 (1995). While Caputo counters that a twenty-year old conviction is too distant temporally to bar him from program participation, the district court correctly noted that he has simply mistaken the denial of his early-release application for an enhancement of his federal sentence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)