# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2519

———————

David Staszak,      *
     *
         Appellant,      *    Appeal from the United States
     *    District Court for the District
       v.      *    of Minnesota.
     *
Donald Romine, Sued as Donald S.      *      [UNPUBLISHED]
Romine, Warden,      *
     *
         Appellee.      *

———————

Submitted:  June 19, 2000

Filed:  June 29, 2000

———————

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

———————

PER CURIAM.

While serving his sentence for a drug-related crime, David Staszak agreed to participate in a drug abuse treatment program, the successful completion of which would make him eligible for early release under 18 U.S.C. § 3621(e)(2)(B).  Staszak completed the institutional component of the treatment program, was notified that he would receive a six-month reduction in sentence under § 3621(e) if he successfully completed the program's community transition component, and was then transferred to a halfway house where he also participated in a work release program.  After the

Government alleged Staszak had been involved in criminal activity while on work release, Staszak was returned to a secure facility and his § 3621(e) early release date was rescinded for failure to complete the drug treatment program. Staszak filed a petition for writ of habeas corpus, alleging his liberty interests under the Due Process Clause were violated when he was removed from the halfway house and the work release program and when his early release date was rescinded. The district court denied Staszak's petition, and Staszak now appeals.

Having carefully reviewed the parties' briefs and the record, we affirm the denial of Staszak's petition for writ of habeas corpus. First, Staszak's placement at the halfway house and his participation in the "work release program did not provide the sort of substantial freedom that gives rise to a liberty interest inherent in the Due Process Clause," Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 668 (8th Cir. 1996), and "revocation of [Staszak's halfway house placement and his] work release program was not an atypical or significant deprivation" of his liberty interests, id. at 669; accord Sandin v. Conner, 515 U.S. 472, 484 (1995) (question is whether deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Second, Staszak's early release date was conditioned on completion of both the institutional and community transition components of the drug treatment program, conditions Staszak failed to satisfy. Thus, as the magistrate judge stated in his report and recommendation adopted by the district court, Staszak "did not have a liberty interest in his [§ 3621(e)] provisional release date, and he suffered no deprivation of due process rights as a result of rescission of his early release." See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000) ("language of section 3621(e)(2)(B) is permissive, stating that the Bureau [of Prisons] 'may' grant early release, but not guaranteeing eligible inmates early release").

We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.