**James Edward DAWKINS, Petitioner,**

v.

**Janet RENO, et al., Respondent.**

**No. 5:00–HC–65–BO.**

United States District Court,
E.D. North Carolina,
Western Division.

Nov. 27, 2000.

James Edward Dawkins, LSCI–Butner, Butner, NC, Pro se.

R.A. Renfer, Jr., Asst. U.S. Attorney, Office of U.S. Attorney, Raleigh, NC, for Respondents.

*ORDER*

BOYLE, Chief Judge.

James Edward Dawkins, a federal prisoner, petitions this court for a writ of habeas pursuant to 28 U.S.C. § 2241. Dawkins contends that he enrolled and completed the Bureau of Prisons' 500 hour Residential Drug Treatment Program (RDAP). He further contends that this entitled him to the early release provision, however, he has been denied this alleged

entitlement. Respondent D. Scott Dodrill has filed a motion to dismiss, the Petitioner responded, and the matter is ripe for determination.

In January 1996, the Petitioner plead guilty to a violation of 21 U.S.C. § 841 for possession with the intent to distribute cocaine base. Thereafter, he was sentenced to 121–month term of imprisonment with a period of five years supervised release. In December 1998, during this term of incarceration, the Petitioner enrolled in the Bureau of Prisons' RDAP. The following December, he successfully completed the program. The program is voluntary, however, to encourage inmate participation incentives are offered to the inmates. These incentives include financial rewards, consideration for the maximum period of time at a community corrections facility, and local institution incentives such as preferred living quarters. 28 C.F.R. § 550.57. In 1994, as an additional incentive, Congress granted the Director of the Bureau of Prisons the discretion to reduce the sentence of an inmate who successfully completes the RDAP, by a period not to exceed twelve months. 18 U.S.C. 3621(e)(2)(B),

The Petitioner's eligibility for early release was assessed under the regulations of the Bureau of Prisons. He was denied eligibility due to an earlier state conviction for armed robbery. It was determined that this conviction placed him into a category, which applies to inmates where the current crime is nonviolent, but a past crime is considered violent. Because state crimes may constitute the past crimes and the fact that such crimes may not be easily classifiable under 18 U.S.C. § 924(c), the Bureau of Prisons uses the FBI Violent Crime Index to determine whether a prior crime is considered violent. The regulation states that "[i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," are not eligible for early release. 28 C.F.R. § 550.58.

Although it does not appear that the Fourth Circuit has addressed this specific issue, the definition for violent prior offenses has been considered and approved by several other circuit courts. Furthermore, it has been concluded that the statute allows the Bureau to use past offenses in the determination of inmate eligibility for early release. *Zacher v. Tippy*, 202 F.3d 1039, 1044 (8th Cir.2000); *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Stiver v. Meko*, 130 F.3d 574, 577 (3rd Cir.1997); *Caputo v. Clark*, 132 F.3d 36 (7th Cir.1997)(unpublished), *cert. denied*, 525 U.S. 852, 119 S.Ct. 128, 142 L.Ed.2d 104 (1998); *Jacks v. Crabtree*, 114 F.3d 983, 986 (9th Cir.1997), *cert. denied*, 523 U.S. 1009, 118 S.Ct. 1196, 140 L.Ed.2d 325 (1998).

The Petitioner claims that the Bureau of Prisons has improperly denied him eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B). However, the language of 18 U.S.C. § 3621(e)(2)(B) is permissive and gives the Bureau the discretion to grant early release to inmates that meet certain criteria. *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir.1999). Although the conviction for which the Petitioner is now incarcerated was a nonviolent crime, he has previously been convicted of a state crime which is classified as violent pursuant to 28 C.F.R. § 550.58. Several courts have upheld this definition, the Petitioner's previous conviction of armed robbery falls within the classification of a violent crime, and the Petitioner has correctly been precluded from eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B).

Having determined that the Bureau of Prisons was not required to order early release for the Petitioner the matter is DISMISSED.