# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3916

_____

| | |
|---|---|
| Charles A. Trobaugh, | * |
| | * |
| Appellant, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  District of Minnesota. |
| Kathleen Hawk, Director, Federal | *      [UNPUBLISHED] |
| Bureau of Prisons; M. J. Pischke, | * |
| Case Manager; J. Schmidt, Case | * |
| Manager; Steve O'Conner; Kevin | * |
| Voight; Jerry Parr; Fred Frey; Amy | * |
| Hamilton, | * |
| | * |
| Appellees. | * |

_____

Submitted:  September 7, 2001

Filed:  September 21, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Charles A. Trobaugh appeals the district court's[1] adverse grant of summary judgment in his action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). After de novo review, see Cooper v. Olin Corp., 246 F.3d 1083, 1087 (8th Cir. 2001), we affirm.

We conclude that Trobaugh's claims relating to his sentence reduction under 18 U.S.C. § 3621(e)(2)(B) are not ripe for judicial review. The one-year sentence reduction is provisional; Trobaugh has not yet been denied the reduction; and the final review of the reduction will not occur until ninety days before his July 2002 provisional release date. See Smith v. Arkansas Dep't of Correction, 103 F.3d 637, 643-44 (8th Cir. 1996) (prisoners must satisfy standing requirements, and court will not intervene unless constitutional violation has occurred or threat of such violation is real and immediate). Even if we were to conclude that his claims are ripe, we would find them meritless. Section 3621(e) creates no protected liberty interest in receiving a sentence reduction, see Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000) (§ 3621(e)'s language is permissive and does not guarantee eligible inmates early release), and the Bureau of Prisons regulations enacted after Trobaugh completed drug treatment were not applied retroactively, see id. at 1045 (amendments to regulation that merely clarify preexisting law are not subject to constitutional limits on retroactivity).

We also conclude that Trobaugh failed to show that appellees retaliated against him for contacting a United States senator, for filing the instant action, and for filing prison grievances. Cf. Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (prisoner must establish transfer would not have occurred "but for" exercise of constitutional right; rejecting retaliatory-transfer claim even where filing of lawsuits against officials was clearly factor in transfer, because prisoner did not prove transfer would not have

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

been made "but for" litigation). In addition, we conclude that even if appellees destroyed the document pertaining to Trobaugh's sentence reduction, such destruction did not violate Trobaugh's substantive due process rights. See Breithaupt v. Abram, 352 U.S. 432, 435 (1957) (conduct that "shocks the conscience" and thus denies substantive due process is brutal and offensive).

The judgment is affirmed. We deny Trobaugh's motion on appeal for an injunction, as well as his other pending motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.