**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH R. REDMON,

Petitioner -Appellant,

v.

R. WILEY, Warden, FPC Florence,

Respondent -Appellee.

No. 08-1288
(D. Colo.)
(D. Ct. No. 1:08-CV-00366-ZLW)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, this case is

ordered submitted without oral argument.

Joseph R. Redmon, a federal prisoner appearing pro se,[1] sought entry into a

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). 10th Cir. R. 32.1(A).

[1] We liberally construe Redmon's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Residential Drug Abuse Program (RDAP) and was informed by the Bureau of Prisons (BOP) that he met the criteria for admission but was not eligible for a sentence reduction upon successful completion of the program because he had a prior state conviction for aggravated battery. He appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the BOP's determination he would be ineligible for early release. Exercising jurisdiction pursuant to 28 U.S.C. §1291, we affirm.

## I.     BACKGROUND

Redmon is currently incarcerated in the Federal Prison Camp (FPC) in Florence, Colorado. He is serving a 188-month sentence for possession with intent to distribute cocaine. His projected release date is November 5, 2009.

The BOP provides residential substance abuse treatment for prisoners it determines have a treatable condition of substance addiction or abuse and meet specific eligibility criteria. *See* 18 U.S.C. §§ 3621(b), (e). The BOP may reduce a prisoner's sentence by a period of up to one year upon successful completion of RDAP if the prisoner is serving a sentence for a nonviolent offense. *See id.*, § 3621(e)(2)(B). The BOP enacted a regulation and issued a program statement which specifically excluded inmates who have a prior conviction for certain offenses, including aggravated assault, from eligibility for early release. *See* 28 C.F.R. § 550.58(a)(1)(iv) (repealed Jan. 14, 2009); BOP PS 5330.10, § 6 (repealed March 16, 2009).

The BOP determined Redmon could participate in RDAP, but would be ineligible for a sentence reduction upon successful completion of the program because he had a

2

prior state conviction for aggravated battery which could be equated with the BOP's definition of aggravated assault—a violent offense. In 1986, Redmon pled guilty to the Illinois crime of aggravated battery. *See* 720 ILL. COMP. STAT. ANN. 5/12-4. A person commits aggravated battery within the meaning of this statute if "in committing a battery, [he] intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement . . . ." *Id.*, § 5/12-4(a).

Redmon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the warden of the FPC ("the Warden"). He claimed the BOP's eligibility determination constituted: (1) an abuse of discretion under 18 U.S.C. § 3621(e); (2) an impermissible construction of the BOP's Program Statement 5330.10; and (3) a violation of his equal protection rights.[2]

The court directed the Warden to file a preliminary response to Redmon's petition limited to the affirmative defense of exhaustion of administrative remedies. In response, the Warden asserted "the record demonstrates that, while [Redmon] arguably raised his first two claims (based on the statute and BOP Program Statement) at each stage of the administrative review process, he failed to raise his third (constitutional) claim at three of the four opportunities available to him and therefore failed to exhaust administrative remedies." (R. Vol. I, Doc. 11 at 6.) Redmon subsequently filed a motion to dismiss his

---

[2] Redmon is black. In his petition, he refers to a previous civil rights claim he filed alleging the BOP systematically excluded black inmates from RDAP and argues "[i]t is not a quantum leap from systemmatic [sic] denial of eligibility for [RDAP] to Black inmates, to a conclusion that the same equal protection violation does not [sic] exist in the qualification of the year off the inmate's sentence after successful completion of the program." (R. Vol. I, Doc. 2 at 9.)

equal protection claim. He stated he disagreed with the Warden's assessment but sought to dismiss "for judicial economy" and to ensure his petition would be answered on the merits. (R. Vol. I, Doc. 12 at 1.)

On June 25, 2008, the district court entered an order dismissing Redmon's first two claims with prejudice. The court explained: "This Court's review of the record reveals that the BOP's disqualification of [Redmon] was a valid exercise of the BOP's broad discretion . . . . Furthermore, [Redmon] has no constitutional or inherent right in being released before the completion of a valid sentence." (R. Vol. I, Doc. 13 at 4.) As to Redmon's equal protection claim, the court found Redmon "did not exhaust his equal protection claim by properly presenting the claim to the Appeals Administrator for consideration." (*Id.* at 6.) It explained: "Nonetheless, because the Court has found that [Redmon's] claims challenging the BOP's interpretation and implementation of 18 U.S.C. § 3621(e) lack merit, [Redmon's] Motion to Dismiss will be denied as moot. The equal protection claim, however, will be denied without prejudice." (*Id.*) The court entered judgment in favor of the Warden.

Redmon filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure claiming, *inter alia*, the court misconstrued his claim and did not apply the proper standard of review. The court denied the motion. The court also denied Redmon's application to proceed *in forma pauperis* (*ifp*) on appeal. Redmon has filed a renewed motion to proceed *ifp* with this Court.

## II.     DISCUSSION

Redmon does not challenge the district court's dismissal of his equal protection

4

claim, but argues the court erred in dismissing his other two claims. In habeas proceedings under § 2241, we review legal questions de novo and factual findings for clear error. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir.), *cert. denied*, 129 S. Ct. 430 (2008).

A.      Jurisdiction

Before we consider the merits of Redmon's appeal, we must examine our own jurisdiction. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) ("[W]e have an independent duty to examine our own jurisdiction."). Under 28 U.S.C. § 1291, we only have jurisdiction over "final decisions of the district courts . . . ." The government argues the district court's decision is not final for purposes of § 1291 because the equal protection claim was dismissed without prejudice. The government requests this matter be abated to allow Redmon to request an order from the district court either certifying the judgment as final, *see* Fed. R. Civ. P. 54(b), or finally adjudicating or dismissing with prejudice his equal protection claim, *see Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988) (en banc).

We deny the government's request. In its order denying Redmon's Rule 59(e) motion, the court explained the judgment it entered was a final decision which ended the litigation on the merits. We have jurisdiction because the case has been fully disposed of and is not subject to further proceedings. *See Jackson v. Volvo Trucks N. Am.*, 462 F.3d 1234, 1238 (10th Cir. 2006) (stating that generally "a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court" but "where the

5

dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable") (quotations omitted).

Moreover, we note the district court's dismissal without prejudice of Redmon's equal protection claim was the functional equivalent of granting his motion to voluntarily dismiss that claim. Where a court is presented with a "mixed" habeas petition—that is, a petition containing both exhausted and unexhausted claims—the court can stay the petition to allow the petitioner to exhaust his unexhausted claim. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If the court determines stay and abeyance is inappropriate, it can either dismiss the entire petition or "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims . . . ." *Id*. The court's order here had the effect of deleting the unexhausted claim and allowing Redmon to proceed with the exhausted claims.

B.    Merits

Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute to direct the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), Pub. L. No. 103-322, 108 Stat. 1987, Congress amended the statute to provide an incentive for prisoners to participate in RDAP. *See Lopez v. Davis*, 531 U.S. 230, 233 (2001). The statute now provides the BOP "may" reduce the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing RDAP for a period of up to one year.

6

*See* 18 U.S.C. § 3621(e)(2)(B). The statute does not define a "nonviolent offense"; nor does it establish any criteria for determining an inmate's eligibility for a sentence reduction.

The BOP enacted a regulation and issued a program statement to implement the early release initiative. The regulation provided in pertinent part: "Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: . . . (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses . . . ." 28 C.F.R. § 550.58(a) (repealed Jan. 14, 2009). The program statement provided an inmate is eligible for early release upon the successful completion of RDAP if:

> The inmate's prior adult criminal record includes no convictions which disqualify him/her for early release, based on the Director's Discretion. Any adult misdemeanor or felony conviction for Homicide (including Non-Negligent Manslaughter), Forcible Rape, Robbery, Aggravated Assault, or Child Sexual Abuse are crimes that disqualify an inmate for early release; drug abuse treatment program coordinators must review available documents containing criminal history to ensure the inmate does not have any prior adult convictions for these crimes . . . .

BOP PS 5330.10, ch. 6 (repealed March 16, 2009).[3]

To determine which state offenses are equivalent to the offense of aggravated assault in § 550.58, the BOP uses the FBI's *Uniform Crime Reports* definition "[b]ecause state convictions may show a considerable range in the degree of violence used in the

---

[3] On March 16, 2009, the BOP rescinded Program Statement 5330.10 and replaced it with Program Statement 5330.11. The criteria for early release eligibility are now addressed in a separate program statement, PS 5331.02.

offense." Drug Abuse Treatment Programs: Early Release Consideration, 60 Fed. Reg. 27,692 (May 25, 1995). This definition of aggravated assault does not require the use of a weapon, but simply notes these assaults "usually" involve a weapon or "means likely to produce death or great bodily harm." *Zacher v. Tippy*, 202 F.3d 1039, 1043 n.4 (8th Cir. 2000). The BOP determined Redmon's Illinois aggravated battery conviction was equivalent to the offense of aggravated assault.

Redmon claims the BOP's eligibility determination constituted an abuse of discretion under 18 U.S.C. § 3621(e) and is an impermissible construction of the BOP's Program Statement 5330.10. The Administrative Procedure Act (APA) does not apply to 18 U.S.C. § 3621. *See* 18 U.S.C. § 3625. Thus, we may not review whether the BOP erred in this particular case, but only whether the BOP exceeded its statutory authority in construing 18 U.S.C. § 3621(e)(2)(B). *See Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000).

In deciding whether the BOP exceeded its statutory authority, "[w]e begin by asking whether Congress has directly spoken to the precise question at issue." *Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir. 1998) (quotations omitted). It has not. 18 U.S.C. § 3621(e)(2)(B) does not define a "nonviolent offense."

"We next ask whether Congress has delegated to the [BOP] the responsibility to address the question." *Id.* It is undisputed that the BOP has been delegated the authority to interpret 18 U.S.C. § 3621. *See id.* "Under [the *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)] framework, unless a regulation contravenes the unambiguously expressed intent of Congress, we ordinarily defer to an

8

agency's interpretation of an ambiguous statute that it implements." *Via Christi Reg'l Med. Ctr. v. Leavitt*, 509 F.3d 1259, 1272 (10th Cir. 2007) (quotations and citation omitted).

In *Lopez v. Davis*, the Supreme Court considered a challenge to a separate section of 28 C.F.R. § 550.58. 531 U.S. 230 (2001). The section of the regulation at issue "categorically denie[d] early release to prisoners whose current offense [was] a felony attended by the carrying, possession, or use of a firearm." *Id.* at 232-33 (quotations omitted). The BOP determined Lopez was ineligible for early release because he received a sentencing enhancement for possession of a firearm in connection with his offense of conviction (possession with intent to distribute methamphetamine). *See id.* at 236. The Court concluded "the agency's interpretation [of the statute] is reasonable both in taking account of preconviction conduct and in making categorical exclusions." *Id.* at 242. The Court explained: "By denying eligibility to violent offenders, the statute manifests congressional concern for preconviction behavior—and for the very conduct leading to conviction. The Bureau may reasonably attend to these factors as well." *Id.*

The portion of the regulation at issue here categorically excludes from eligibility for early release "[i]nmates who have a prior felony or misdemeanor conviction for . . . aggravated assault . . . ." 28 C.F.R. § 550.58(a)(1)(iv). It does not refer to state offenses which are deemed to be equivalent to aggravated assault. That clarification comes, in part, from Program Statement 5330.10 which instructs drug abuse treatment program coordinators to "review available documents containing criminal history to ensure the inmate does not have any prior adult convictions for [the specifically enumerated] crimes

[including aggravated assault] . . . ."  BOP PS 5330.10, ch. 6.  It also comes from the BOP's policy of using the FBI's *Uniform Crime Reports* to determine whether a state court conviction is equivalent to one of the specifically enumerated offenses.

While rules that appear in program statements are not entitled to full *Chevron* deference, they are entitled to some deference.  *See Reno v. Koray*, 515 U.S. 50, 61 (1995) (observing a BOP Program Statement is entitled to "some deference" if it represents a permissible construction of the statute).  We will respect the BOP's informal interpretation of a statute it has authority to interpret "to the extent [it has] the power to persuade."  *Via Christi Reg'l Med. Ctr.*, 509 F.3d at 1272 (quotations omitted).

The BOP has adopted a practice of looking to the FBI's *Uniform Crime Reports* to determine whether a prisoner's criminal history includes convictions for state court offenses equivalent to those specifically enumerated in 28 C.F.R. § 550.58(a)(1)(iv).  As explained by the BOP, the reason for this practice is "[b]ecause state convictions may show a considerable range in the degree of violence used in the offense . . . ."  Drug Treatment Abuse Programs, 60 Fed. Reg. 27,692.  There is no evidence the BOP applies this policy in a non-uniform or otherwise unfair manner.  As the Court recognized in *Lopez*, "the statute [18 U.S.C. § 3621(e)] manifests congressional concern for preconviction behavior . . . ."  531 U.S. at 242.  The BOP's interpretation of the statute is reasonable as it takes into account an offender's preconviction behavior in determining whether he or she is a nonviolent offender for purposes of early release eligibility.

We **AFFIRM** the dismissal of Redmon's habeas petition.  We **DENY** Redmon's motion to proceed *ifp.*  He is directed to remit the full amount of the filing fee within

10

twenty days.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge