FILED
United States Court of Appeals
Tenth Circuit

September 27, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

CHRISTOPHER WILLS,

    Petitioner - Appellant,

v.

J.A. BARNHARDT, Warden,

    Respondent - Appellee.

No. 21-1383
(D.C. No. 1:20-CV-01737-DDD)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

After the Federal Bureau of Prisons (BOP) denied his request to be transferred to a prison closer to his family, Christopher Wills filed a 28 U.S.C. § 2241 application for a writ of habeas corpus. The district court dismissed the application for lack of jurisdiction, and Mr. Wills filed this appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Mr. Wills is housed at the BOP's penitentiary in Florence, Colorado.  In 2019 and 2020, he filed administrative requests under the First Step Act, 18 U.S.C. § 3621(b), for a transfer to a facility within 500 miles of his family in Virginia.[1]  The BOP denied his requests.[2]  Mr. Wills next filed a § 2241 habeas application, which argued that the BOP did not give a detailed, reviewable, or valid explanation for the denials and asked the district court to order a transfer to a BOP facility closer to his family "pursuant to the 500 mile law and rule of the First Step Act."  R. at 9.

The magistrate judge recommended dismissal of the § 2241 application without prejudice for lack of jurisdiction, reasoning that Mr. Wills had challenged the conditions of his confinement which is not a cognizable habeas claim.  Mr. Wills submitted an untimely objection to the assignment of the magistrate judge to his case, which was accepted for filing.  The district court overruled the objection, adopted the recommendation, and dismissed the application.

---

[1] Section 3621(b) authorizes the BOP to designate the place of imprisonment for a convicted person.  In relevant part, it provides that "[t]he [BOP] . . . shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the [BOP], place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence."

[2] The administrative proceedings were not part of the district court record and thus are not part of the record on appeal.  But the record on appeal does show the warden did not dispute that Mr. Wills exhausted his administrative remedies.  *See* Suppl. R. at 48, 51.

In a post-judgment motion, Mr. Wills alleged that he never received a copy of the recommendation itself—only the order of reference to the magistrate judge. The district court reopened the case and allowed him to file objections. He did so, reframing his claim as a challenge to "the particular process and procedure employed" by the BOP—not the BOP's "substantive decision" denying a transfer. Suppl. R. at 61. More specifically, he argued that the BOP violated his due process and equal protection rights by failing to properly consider the factors listed in § 3621(b). Noting this change, the magistrate judge withdrew his earlier recommendation finding no jurisdiction and issued a new one allowing the claim to proceed.

The district court dismissed the case for lack of jurisdiction on two grounds. First, it held that Mr. Wills's challenge related to the place of his confinement, which constitutes a challenge to the *conditions* of his confinement. Habeas relief is only appropriate for a prisoner who challenges the *fact* or *duration* of his confinement and seeks immediate release or a shortened period of confinement. Therefore, Mr. Wills needed to file a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Second, it held that federal courts do not have jurisdiction to review the BOP's placement decisions because the statute explicitly provides that "'a designation of a place of imprisonment under this subsection is not reviewable by any court.'" R. at 21 (quoting § 3621(b)).

3

Mr. Wills filed this timely appeal.[3]  He argues the district court "had jurisdiction

to review . . . [t]he BOP's denial of his transfer request without first considering the five

(5) factors of § 3621(b)."  Aplt. Opening Br. at 3.  He further argues "the BOP violated

the statutory provisions and procedures of § 3621 and the First Step Act of 2018, in

arbitrarily and categorically denying [his] transfer request."  Aplt. Reply Br. at 9.

## ANALYSIS

### A.     Standard of Review

"This court reviews the district court's disposition of [a] habeas corpus petition

de novo.  Factual findings are reviewed for clear error."  *Palma-Salazar v. Davis*,

677 F.3d 1031, 1035 (10th Cir. 2012) (citation omitted).

### B.     Section 2241 is not the appropriate means for relief.

The district court correctly held that Mr. Wills should have filed a *Bivens* action

instead of a § 2241 application.  In *Palma-Salazar*, we clearly delineated when each type

of action is appropriate.  "Habeas corpus review is available under § 2241 if an individual

is 'in custody in violation of the Constitution or laws or treaties of the United States.'"

*Id.* (quoting 28 U.S.C. § 2241(c)(3)).  "The fundamental purpose of a § 2241 habeas

proceeding is to allow a person in custody to attack the legality of that custody, and the

traditional function of the writ is to secure release from illegal custody."  *Id.* (internal

---

[3] Because Mr. Wills is proceeding without the assistance of counsel, "we construe his pleadings liberally."  *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

quotation marks omitted).  "[T]he types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment."  *Id.* at 1037 n.2.

By contrast, "[i]n this circuit, . . . a prisoner who challenges the conditions of his confinement must do so through a civil rights action."  *Id.* at 1035.  A challenge to the BOP's transfer decision is "properly construed as a challenge to the conditions of . . . confinement and must be brought pursuant to *Bivens*."  *Id.* at 1036; *see, e.g.*, *United States v. Garcia*, 470 F.3d 1001, 1002-03 (10th Cir. 2006) (motion to compel BOP to transfer federal prisoners to a detention facility within 500 miles of their families was properly construed as a challenge to conditions of confinement that must be brought under *Bivens*); *see generally McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) ("[A]lthough a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, this does not make § 2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws." (citation omitted)).  A district court lacks jurisdiction under § 2241 to consider a claim seeking transfer to another BOP institution.  *Palma-Salazar*, 677 F.3d at 1038-39.

Mr. Wills summarily labels his § 2241 application a "challeng[e to] the execution of his sentence,"[4] Aplt. Reply Br. at 12.  He does not distinguish—or even

---

[4] Our research revealed one case in which this court treated a transfer-related claim as an "attack[ on] the execution of [a state prisoner's] sentence as it affects the fact or duration of his confinement in Colorado."  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  But the scenario in *Montez* was entirely different than the one

mention—*Palma-Salazar* and *Garcia*. Instead, he cites two other lines of cases for the broad proposition that "§ 3621 violations are judicially reviewable via habeas corpus § 2241 application," *id.* at 10. True, the court exercised jurisdiction in these cases. But all of them are readily distinguishable by (1) the absence of consideration of a similar jurisdictional question or (2) the presence of a claim seeking a shortened sentence.

The first set of cases cited by Mr. Wills involved challenges to the BOP's categorical practices and procedures within § 3621(b), which conflicted with clear congressional intent prescribing individualized determinations. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1161-62 (10th Cir. 2007); *Garza v. Davis*, 596 F.3d 1198, 1201 (10th Cir. 2010). *Wedelstedt* and *Garza* are distinguishable from a jurisdictional perspective: we did not address the district court's jurisdiction in *Wedelstedt*, and the jurisdictional dismissal in *Garza* stemmed from the prisoner's failure to exhaust his administrative remedies. "[A] court is not bound by a prior exercise of jurisdiction in a case where it was not questioned . . . ." *Palma-Salazar*, 677 F.3d at 1036 (internal quotation marks omitted) (noting that "*Wedelstedt* did not specifically address the jurisdictional question at issue" in *Palma-Salazar*); *cf. United States v. Turrieta*,

_____

under consideration here. First, we were assessing whether the state prisoner should have filed an application under § 2241 or 28 U.S.C. § 2254 when we reasoned that "focusing on where [a] sentence will be served[] seems to fit better under the rubric of § 2241." *Id.* Second, the prisoner in *Montez* was challenging a state's authority to incarcerate him in a state other than the one in which he was convicted and sentenced. *See id.* at 864. Ultimately, we held that the prisoner did not have a cognizable claim based on the interstate transfer. *Id.* at 865-66. The parties did not raise the issue whether the prisoner was really filing a civil rights claim, and the court did not consider it.

875 F.3d 1340, 1346 (10th Cir. 2017) ("When parties do not raise or consider an issue and the court does not address it, the case is not a binding precedent on that point." (brackets and internal quotation marks omitted)).

The second set of cases cited by Mr. Wills involved challenges to the denial, due to certain prior convictions, of early release under § 3621(e)(2) upon successful completion of a drug-treatment program. *See Hunnicutt v. Hawk*, 229 F.3d 997, 999 (10th Cir. 2000) (per curiam); *Fristoe v. Thompson*, 144 F.3d 627, 629 (10th Cir. 1998); *Redmon v. Wiley*, 349 F. App'x 251, 253 (10th Cir. 2009). These cases are inapposite for a different reason. Early release affects the length of imprisonment. And, as discussed above, a claim is "cognizable under § 2241 . . . [if] an individual seeks . . . a shortened period of[] physical imprisonment." *Palma-Salazar*, 677 F.3d at 1037 n.2. By contrast, even if Mr. Wills succeeded in obtaining an order directing the BOP to reconsider his transfer requests and provide an explanation for its decisions (his stated goal), his period of incarceration would remain the same. Therefore, § 2241 is not the proper vehicle for his claim.

### C.    Section 3621(b) precludes judicial review of the BOP's placement decisions.

The district court also correctly held that § 3621(b) deprived it of jurisdiction to review the BOP's decision on Mr. Wills's transfer request. The final sentence of § 3621(b) expressly states that "[n]otwithstanding any other provision of law,

a designation of a place of imprisonment under this subsection is not reviewable by any court."

Mr. Wills contends this "proviso . . . does not apply to judicial review of due process challenges to the improper application, or non-application, of recognized statutory provisions, regulations, and/or procedures." Aplt. Reply Br. at 11. But § 3621(b) contains no such limiting language. And "when interpreting any statute, we start with the statute's plain language and assume that the legislative purpose is expressed by the ordinary meaning of the words used." *United States v. Hernandez-Calvillo*, 39 F.4th 1297, 1302 (10th Cir. 2022) (internal quotation marks omitted).

Mr. Wills further contends he only asked the district court to "'<u>order the BOP to reconduct</u>' (or to actually conduct, for the first time) the transfer determining process" and to provide a written explanation of its reasoning during "the reprocess." Aplt. Reply Br. at 16-17. Again, we are not persuaded. To order reconsideration, a court would first have to find a deficiency, which it could not do without reviewing the propriety of the BOP's decisions in direct contravention of § 3621(b).

**D.     Pending Motions**

We deny Mr. Wills's motion to strike the parts of the warden's answer brief that reference his convictions and unsuccessful appeals, as well as his emergency motion to strike the entire supplemental record or, alternatively, certain district-court documents within it that also reference his convictions and unsuccessful appeals. Mr. Wills states that the warden has acted in bad faith by presenting irrelevant, incendiary, and prejudicial information to the court. But this type of background

8

information is routinely presented during appeals, and its inclusion does not bias the court or affect our ability to act impartially.

We deny Mr. Wills's motion for appointment of appellate counsel.

We grant Mr. Wills's motion for leave to proceed on appeal without prepayment of costs or fees.

## CONCLUSION

We affirm the district court's dismissal of Mr. Wills's § 2241 application for lack of jurisdiction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge