**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

DENNY HUNNICUTT,

     Petitioner-Appellant,

v.

KATHLEEN HAWK,

     Respondent-Appellee.

No. 99-6435

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 98-CV-1717-A)

Submitted on the briefs:

Denny Hunnicutt, Pro Se.

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

**PER CURIAM.**


     Petitioner-appellant Denny Hunnicutt, a federal inmate appearing pro se,

appeals the denial of his petition for a writ of habeas corpus filed pursuant to

28 U.S.C. § 2241. He filed suit against the warden, challenging the Bureau of

Prison's (BOP) determination that he is ineligible for a sentence reduction under

18 U.S.C. § 3621(e)(2)(B). Because Mr. Hunnicutt is a federal prisoner, a

certificate of appealability is not required to appeal the district court's denial.

*See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *McIntosh v. United*

*States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997). The respondent-

appellee has not filed a brief. Granting Mr. Hunnicutt's request to proceed in

forma pauperis, we affirm. [1]

## Background

Mr. Hunnicutt pled guilty on January 16, 1997, to conspiracy to possess

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, and

conspiracy to commit an offense against the United States in violation of

18 U.S.C. § 371, specifically to knowingly and intentionally use and/or carry a

firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.

§ 924(c). He was sentenced to a term of ninety-two months. He began a

residential drug abuse program (RDAP) in prison in November 1997. After

completing the program, he unsuccessfully sought reduction of his sentence under

§ 3621(e)(2)(B). Section 3621(e)(2)(B) allows the BOP to reduce an inmate's

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sentence by as much as one year if the inmate was "convicted of a nonviolent offense" and successfully completes a substance abuse treatment program. *See id*. The statute does not define the term "convicted of a nonviolent offense."

Initial Determination of Ineligibility

The BOP initially determined Mr. Hunnicutt was ineligible under § 3621(e)(2)(B) because his sentence had been enhanced for possession of a firearm during the commission of his offense. Mr. Hunnicutt then filed his § 2241 complaint alleging the BOP exceeded its statutory authority in light of this court's ruling in *Fristoe v. Thompson*, 144 F.3d 627 (10th Cir. 1998). In *Fristoe*, this court invalidated a previous BOP policy that categorically prohibited inmates whose sentences had been increased by a firearm enhancement from being eligible for early release under § 3621(e)(2)(B). We held that reliance on sentence enhancements conflicts with the plain language of § 3621(e)(2)(B), which refers to the offense for which the prisoner was convicted. *See* 144 F.3d at 631-32.

In response to Mr. Hunnicutt's complaint, the respondent argued that *Fristoe* was inapplicable because Mr. Hunnicutt began the RDAP in November 1997, after amendments in October 1997 to the regulation interpreting § 3621(e)(2)(B), 28 C.F.R. § 550.58 (1997), and BOP Program Statement

No. 5162.04 (October 9, 1997). [2] These amended policies provide that, as an exercise of the BOP's discretion, an inmate whose sentence was enhanced for possession of a firearm is ineligible for the sentence reduction of § 3621(e)(2)(B). *See Ward v. Booker*, 202 F.3d 1249, 1253 (10th Cir. 2000), *petition for cert. filed*, 68 U.S.L.W. 3023 (U.S. July 3, 2000) (No. 00-18).

The magistrate judge concluded that the newly amended regulation and Program Statement did not alter the substance of what the BOP was doing--denying § 3621 eligibility to prisoners based solely on a sentence enhancement, rather than a conviction--and, therefore, that the BOP exceeded its authority in relying on Mr. Hunnicutt's sentence enhancement to deny him eligibility. The magistrate judge recommended that Mr. Hunnicutt's petition be conditionally granted, subject to reconsideration by the BOP of Mr. Hunnicutt's eligibility. The magistrate judge correctly anticipated our decision in *Ward*, in which we held the BOP's revised policy still conflicts with the clear language of § 3621(e)(2)(B), and that the BOP's attempt to couch it as merely an exercise of its discretion did "not make it any less contrary to the statute." *Id*. at 1256. [3]

---

[2] A BOP program statement is "an interpretative statement of position circulated within [the] agency that serves to provide administrative guidance in applying a then existing published rule." *Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999).

[3] We note that the Supreme Court has granted certiorari in *Lopez v. Davis*, No. 99-7504, 120 S. Ct. 1717 (Apr. 24, 2000) to consider the question of
(continued...)

Revised Determination of Ineligibility

The BOP reconsidered Mr. Hunnicutt's eligibility under § 3621(e)(2)(B) after the magistrate judge's report issued. It concluded that Mr. Hunnicutt remained ineligible for early release, but for a different reason: his § 371 conspiracy conviction was a crime of violence because it was based on a violation of 18 U.S.C. § 924(c), conspiracy to use or carry firearms during and in relation to the commission of a drug trafficking crime. The BOP's new statement of denial, which was filed with respondent's objections to the magistrate judge's recommendation, stated that "the underlying offense is categorized as violent, [thus], the conspiracy offense is violent as well." R. Doc. 19, Ex. A.

Regulation § 550.58 expressly renders ineligible for early release any felony inmate whose offense "involved the carrying, possession, or use of a firearm. . . ." 28 C.F.R. § 550.58(a)(1)(vi)(B). Program Statement No. 5162.04, in effect when Mr. Hunnicutt started the RDAP, lists a firearms conviction under § 924(c) as a crime of violence, and states, with respect to conspiracy convictions under § 371, that "[i]f the underlying offense is categorized as violent [in the Program Statement], then the . . . conspiracy offense is also violent." R. Doc. 13, Ex. F, at 4 and 7-8. The district court concluded that the BOP was within its

---

[3](...continued)
whether this amended regulation and Program Statement are an appropriate exercise of the BOP's discretion.

statutory authority to deny Mr. Hunnicutt § 3621 eligibility because of his conviction under § 371 for conspiracy to use or carry a firearm during and in relation to a drug trafficking offense.

**Analysis**

"We review de novo the district court's denial of habeas corpus relief." *Martinez v. Flowers*, 164 F.3d 1257, 1258 (10th Cir. 1998). Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in Mr. Hunnicutt's particular case, but may only review whether the BOP exceeded its statutory authority in construing § 3621(e)(2)(B). *See Fristoe*, 144 F.3d at 630-31. "An agency's interpretation of a statute by formal regulation or adjudication is entitled to deference, so long as the agency's interpretation is based upon a permissible construction of the statute." *Id*. at 631. "Where the agency's interpretation of the statute is made informally, however, such as by a 'program statement,' the interpretation is not entitled to [such] deference, but will instead be considered only to the extent that it is well-reasoned and has 'power to persuade.'" *Id*.

On appeal, Mr. Hunnicutt argues that the BOP exceeded its statutory authority because the BOP based its eligibility determination on underlying offense conduct, rather than on the conviction itself. This argument misconstrues the BOP's decision, which was based on Mr. Hunnicutt's § 371 *conviction* for

-6-

conspiracy to use or carry a firearm during and in relation to a drug trafficking offense, and was not based merely on underlying offense conduct, as was the case in *Fristoe* and *Ward*. Mr. Hunnicutt does not dispute that the use or carrying a firearm during and in relation to a drug trafficking offense in violation of § 924(c)(1) is a crime of violence. *See Warren v. Crabtree*, 185 F.3d 1018, 1021 (9th Cir. 1999) (BOP properly determined inmates convicted for use or carrying of a firearm in relation to drug trafficking crime categorically ineligible for a sentence reduction); *Love v. Tippy*, 133 F.3d 1066, 1069 (8th Cir. 1998) (same).

We have held that a § 371 conviction for conspiracy to commit a federal crime of violence itself constitutes a "crime of violence," and is, therefore sufficient to support a conviction under 18 U.S.C. § 924(c)(1) for use or carrying of a firearm during and in relation to a crime of violence. *See United States. v. Brown*, 200 F.3d 700, 706 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1213 (2000) and 120 S. Ct. 1706 (2000). We based this holding on the fact that "an overt act in furtherance of the object of conspiracy [i]s an element of a conspiracy conviction" under § 371. *Id*.

In order to qualify as a violent crime, a conviction need not involve the actual use of force or violence; rather, it need only involve "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(b). Because the elements of

-7-

Mr. Hunnicutt's conspiracy conviction included an overt act in furtherance of the offense of using or carrying a firearm, we conclude that the BOP's interpretation of § 3621(e)(2)(B) was reasonable, and that it acted within its statutory authority, in classifying a conviction under § 371 for conspiracy to use or carry a firearm during and in relation to a drug trafficking offense as a crime of violence, precluding eligibility under § 3621(e)(2)(B).

Mr. Hunnicutt also contends his due process rights were violated because the BOP applied different § 3621(e)(2)(B) eligibility criteria upon reconsideration than in its original eligibility determination. He relies on a Ninth Circuit decision which held that unfavorable changes to BOP rules construing § 3621(e)(2)(B) cannot be applied retroactively to prisoners who qualified for early release under the former rules and who had started the substance abuse treatment program prior to the change. *See Cort v. Crabtree*, 113 F.3d 1081, 1086-87 (9th Cir. 1997); *but see Royal v. Tombone*, 141 F.3d 596, 601-02 (5th Cir. 1998) (disagreeing with *Cort* and holding that aggrieved prisoner must show that he was actually entitled to sentence reduction prior to issuance of new rule to avoid application of that rule). *Cort* is easily distinguishable. Here, in contrast to the facts in *Cort*, the amended regulation and Program Statement applied by the BOP upon reconsideration were adopted *prior* to Mr. Hunnicutt's entry into the RDAP, and he was never told that he was eligible for the early release program. Thus,

Mr. Hunnicutt did not lose any vested right, nor did he have any settled expectation of eligibility.

Mr. Hunnicutt also contends there are insufficient facts in the record to establish that his conspiracy conviction was based on the underlying offense of using or carrying a firearm during or in relation to a drug trafficking offense. The government and the district court relied upon Mr. Hunnicutt's presentence report, which states that he was charged with, and pled guilty to, knowingly and intentionally conspiring "to commit an offense against the United States, that is: to knowingly and intentionally use or carry firearms during and in relation to drug crimes, in violation of 18 U.S.C. § 924(c), all in violation of 18 U.S.C. § 371." R. Doc. 13, Ex. E, at 3-4. The presentence report states that Mr. Hunnicutt gave a dealer "a loaded semi-automatic handgun to use as self-protection or for intimidation in the [drug] deliveries," "was armed with a loaded .44 caliber revolver" during some drug deliveries, and pointed a loaded firearm at a drug buyer during one delivery. *Id*. at 5-6. The record does not include any objections to the presentence report, and Mr. Hunnicutt did not dispute this evidence by filing an objection to the magistrate judge's report. We find this evidence sufficient to support the district court's finding that a § 924(c) firearms offense is the underlying offense for his § 371 conspiracy conviction.

We briefly address Mr. Hunnicutt's remaining allegations. The magistrate judge did not err in recommending that the BOP reconsider its original basis for denying Mr. Hunnicutt's eligibility. [4] The district court did not err in considering the new evidence concerning the BOP's reconsideration, as it is permitted under 18 U.S.C. § 636(b) to receive additional evidence after the magistrate judge's recommendation. Mr. Hunnicutt claims to have filed a response to respondent's objections to the magistrate judge's report and recommendation, although no response appears in the record. However, the district court would not have erred in not accepting or considering such a response because the local rules provide that a party may not file a response to the other party's objections to the magistrate judge's recommendation unless directed to do so by the court. *See* W.D. Okla. Loc. Civ. R. 72.1.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

---

[4]     In noting the BOP's option of reconsidering Mr. Hunnicutt's eligibility, the magistrate judge noted that the "BOP more than likely could have relied upon [Mr. Hunnicutt's] concurrent conviction for conspiracy to use or carry firearms during a drug trafficking offense . . . as a sound basis for excluding him from consideration for a § 3621 sentence reduction." R. Doc. 17, at 7. Although Mr. Hunnicutt complains on appeal about the magistrate judge's apparent suggestion to the BOP, the record does not reflect that he filed any objections to the magistrate judge's report and recommendation.