**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NANCY C. TOWNSEND,

     Petitioner - Appellant,

vs.

COLONEL MICHAEL A. LANSING,

     Respondent - Appellee.

No. 00-3273
(D.C. No. 99-CV-3099-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

     Nancy C. Townsend, appearing pro se and in forma pauperis, appeals from

the district court order denying and dismissing her petition for habeas corpus.

Because this proceeding arises under 28 U.S.C. § 2241, she does not need a

certificate of appealability. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir.

2000). We affirm.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Ms. Townsend was a deputy accounting and finance officer at San Vito Air Station in Italy. In a court-martial on August 18-19, 1994, Ms. Townsend pled guilty to stealing and conspiring to steal $479,700 in United States and Italian currency in violation of the Uniform Code of Military Justice. R. doc. 9, Ex. A & C. She was also convicted of stealing and conspiring to steal a U.S. Treasury check in the amount of $21,257.64. Id., Ex. C. Ms. Townsend was sentenced to eight years of confinement, a pay grade reduction to E-1, a dishonorable discharge, forfeiture of pay and allowance, and a fine of $175,000 or an additional five years of confinement if she did not pay the fine. Id., Ex. A. Because Ms. Townsend failed to pay the fine, she received five additional years confinement, id., Ex. D, because she was unwilling, rather than unable, to pay the fine. Id., Ex. C at 4-5. The military judge found that she had scattered her assets and made no good faith attempt to recover the stolen money. Id. at 4.

Ms. Townsend's conviction was affirmed on direct appeal by the Air Force Court of Criminal Appeals ("AFCCA") and the U.S. Court of Appeals for the Armed Forces denied further review. Id., Ex. E & F. Her petition for collateral relief was denied by the AFCCA. Id., Ex. K. Ms. Townsend then petitioned the district court for a writ of habeas corpus. 28 U.S.C. § 2241.

Ms. Townsend claimed three grounds for relief in her petition: (1) the convening authority's lack of authority to execute the contingent period of

confinement; (2) the military circuit judge's failure to consider alternative methods of payment or punishment in the contingent confinement hearing; and (3) the illegality of contingent confinement. R. doc. 1, at 7-9. Upon consideration of the respondent's answer, Ms. Townsend's traverse, and other related pleadings which followed, the district court denied Ms. Townsend's petition. R. doc. 18, at 6. The district court held that because Ms. Townsend's first claim "was reviewed by the [AFCCA] when it decided her action for writ of coram nobis . . . this matter was fully and fairly litigated before the military court and that no basis for habeas corpus jurisdiction exists." Id. at 4-5 (citing Townsend v. United States, No. 98-03, 1999 WL 85560, at *3-4 (A.F. Ct. Crim. App. Feb. 5, 1999); Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993)). As for Ms. Townsend's second claim, the district court concluded that Ms. Townsend "advances no compelling legal basis for her claim that the findings of the military judge should be set aside due to a failure to consider some alternative, unspecified means of payment." Id. at 5. The district court reasoned that Ms. Townsend's "ability to pay the fine was given full and fair consideration in the court-martial," and found "no substantial constitutional dimension in this claim which might merit extraordinary relief." Id. (citing Dodson v. Zelez, 917 F.2d 1250 (10th Cir. 1990)). The district court rejected Ms. Townsend's third claim because "contingent confinement [is] authorized by Rule 1003(b)(3) of the

Rules for Courts-Martial, [and] may not be disturbed on habeas corpus." Id. at 6 (footnote omitted). Ms. Townsend now petitions this court and asserts each of the aforementioned claims as a basis for habeas corpus relief. Pet'r Br. at 3, 4, 11.

We review the district court's denial of Ms. Townsend's petition de novo. Hunnicutt v. Hawk, 229 F.3d 997, 1000 (10th Cir. 2000). We have reviewed the record, the district court order, and Ms. Townsend's brief on appeal and agree with the district court's resolution of Ms. Townsend's claims. We only add that Ms. Townsend's sentence must stand because the military judge found that Ms. Townsend's failure to pay the fine was her fault. Bearden v. Georgia, 461 U.S. 660, 668-69 (1983). Ms. Townsend's argument that her alternative sentence violates 18 U.S.C. § 3572(e) is unavailing. 18 U.S.C. § 3572(e) is not applicable to sentencing under the Uniform Code of Military Justice. 18 U.S.C. § 3551(a).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge