**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CONRAD J. BRAUN,

     Petitioner-Appellant,

v.

STOLE, Warden,

     Respondent-Appellee.

No. 01-3017

(D.C. No. 00-CV-3410-RDR)
(D.Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Conrad J. Braun, a federal prisoner appearing pro se, appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2241. We

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

affirm.

In 1994, Braun pleaded guilty to five counts of wire fraud, 18 U.S.C. §§ 1343 and 2, and five counts of interstate transportation of funds obtained by fraud, 18 U.S.C. §§ 2314 and 2. He was sentenced in Missouri federal district court to 90 months' imprisonment and ordered to pay $1,966,694.19 in restitution. His sentence was affirmed on appeal. See United States v. Braun, 60 F.3d 451, 452 (8th Cir. 1995). After he had been released from federal custody, Braun was arrested on September 21, 2000, for violations of the conditions of his supervised release.

Braun filed his habeas petition on November 1, 2000, requesting "a determination that [the] Comprehensive Crime Control Act of 1984 . . . was never properly enacted and thereby serves no legal basis for supervised release." Record, Doc. 1 at 6. (We note this is Braun's fifth federal action raising this issue.) The district court dismissed the petition on January 9, 2001, finding:

> Because petitioner is clearly challenging the legality of his federal sentence, and makes no showing that relief under § 2255 is inadequate or ineffective, the court concludes petitioner's application for a writ of habeas corpus under § 2241 should be dismissed without prejudice to allow petitioner to seek whatever relief may yet be afforded under § 2255 in a motion presented to the sentencing court. Petitioner may not use § 2241 to circumvent § 2255 or the restrictions imposed by the Antiterrorism and Effective Death Penalty Act, enacted April 24, 1996, on seeking relief under § 2255.

Doc. 5 at 2.

We review de novo the district court's denial of habeas relief under 28 U.S.C.

2

§ 2241. See Hunnicutt v. Hawk, 229 F.3d 997, 1000 (10th Cir. 2000). The appropriate proceeding for Braun's allegations is a Section 2255 petition. A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence. See Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). The district court properly dismissed Braun's § 2241 petition.[1] In reaching our conclusion, we have also considered and rejected Braun's recently-filed "Supplemental Argument – The Impossibility of Proving a Negative."

AFFIRMED. Braun's Motion to Dismiss Indictment with Prejudice and Declare AEDPA of 1996 Unconstitutional is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] The fact that Braun previously has filed a Section 2255 petition in the Western District of Missouri contending the Comprehensive Crime Control Act of 1984 was "not enacted" (Case No. 00-1021-CV-W-1-P, Aplt. Br. Exh. A) and that petition was dismissed does not alter the types of claims this court can consider under Section 2241.