**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MAJEED AHMED, United States of
America ex rel,

      Petitioner-Appellant,

v.

WARDEN-FCI ENGLEWOOD,

      Respondent-Appellee.

No. 01-1055
(D.C. No. 97-D-2160)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Majeed Ahmed appeals from the district court's order denying and dismissing with prejudice his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We review the denial of his § 2241 petition *de novo*. *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000).

Ahmed's first issue concerns whether the United States Parole Commission had lost jurisdiction to revoke his parole by the time he was extradited from Pakistan. After extradition, but before his parole was revoked, Ahmed filed a separate § 2241 proceeding in the Eastern District of New York. He did not raise this issue in the prior proceeding, although he could have done so. The magistrate judge opined that this issue was "probably subject to dismissal as an abuse of the writ," Aplt. App., Vol. III at 436, but nevertheless reached the issue on the merits "in the interest of justice." *Id.*[1] The district court adopted the magistrate judge's recommendation.

We review *de novo* the question of whether an issue raised in a habeas petition is successive or abusive. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 865 (5th Cir. 2000). Our *de novo* review convinces us that Ahmed's presentation of this issue represents an abuse of the writ. We therefore affirm the

---

[1] The "interests of justice" exception was removed from 28 U.S.C. § 2244(a) by the 1996 AEDPA revision to that statute and is not applicable to this case.

dismissal with prejudice of this claim, albeit as an abuse of the writ, a different ground than that relied upon by the district court.

The remainder of Ahmed's claims are properly before us on the merits, because they concern challenges to the revocation of his parole that could not have been brought in the prior § 2241 proceeding. Our *de novo* review, however, reveals that the district court properly denied Ahmed's petition. The judgment of the United States District Court for the District of Colorado is therefore AFFIRMED for substantially the same reasons stated in the well-reasoned report and recommendation of the United States Magistrate Judge, dated March 3, 1999, and the district court's order adopting that recommendation, dated January 18, 2001.

Entered for the Court

Deanell Reece Tacha
Chief Judge