**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERWIN JAY HANSMANN,

      Petitioner - Appellant,

v.

E.J. GALLEGOS, Warden, FPC
Florence,

      Respondent - Appellee.

No. 02-1240
(D.C. No. 02-Z-579)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

Petitioner Erwin Jay Hansmann, a federal prisoner, appeals pro se the

district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. Because we

find petitioner's arguments to be without merit, we AFFIRM the district court's

denial of Hansmann's petition.[1]

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

[1]A certificate of appealability is not required for a federal prisoner who

(continued...)

BACKGROUND

In 1996, Mr. Hansmann pled guilty to multiple counts of distributing methamphetamine, two counts of distributing marijuana, and, most significant for the purposes of this appeal, one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g). (Slip Op. at 2.) On August 22 of that year, he was sentenced to 100 months of incarceration in federal prison and three years of supervised release. (Id.) The sentencing judge recommended that Mr. Hansmann be allowed to enroll in a drug-treatment program "if consistent with Bureau of Prison [sic] guidelines." (EOR at 4.) Bureau of Prisons (BOP) regulations in effect at the time stated that certain prisoners who completed drug-treatment programs were eligible for early release; however, any inmate convicted of a "crime of violence" was not eligible for early release. (Slip Op. at 4.) Section 922(g)–under which Mr. Hansmann was convicted for weapons possession–was specifically listed as one of the criminal offenses considered a "crime of violence." (Id.)

Despite his clear ineligibility for early release through the drug-treatment program, Mr. Hansmann alleges that a BOP official told him in August 1997 that

---

[1](...continued)
appeals a final order under 28 U.S.C. § 2241. See Hunnicutt v. Hawk, 229 F.3d 997, 998 (10th Cir. 2000).

he was in fact eligible for early release.  (Slip Op. 2.)  He also alleges that in March 2000, the same official told him that, due to an October 1997 change in BOP regulations,[2] he had lost that eligibility.  (Slip Op. at 2.)  More than a year later, in July 2001–after being told that he was not eligible for early release if he completed a drug treatment program–Mr. Hansmann entered a drug treatment program at the federal prison in Florence, CO, in which he was incarcerated.  (Slip Op. at 2.)  He completed the program on April 8, 2002.  (Id.)

Believing that the October 1997 BOP regulation had been retroactively and unfairly applied to him, Mr. Hansmann filed a motion for habeas corpus with the district court under 28 U.S.C. § 2241 on March 21, 2002.  (EOR at 16.)  The district court issued an order denying his application and dismissing his claim on May 13, 2002.  The court held that because Mr. Hansmann was not eligible for early release under either the old or the new regulation, he could not reasonably claim that the new regulation was applied to him retroactively.  (Slip Op. at 4.)  Nor, noted the court, did Mr. Hansmann ever detrimentally rely on the old regulation: he entered the drug treatment program almost four years after the new

_____

[2]In October 1997, the BOP altered its regulations, but not in a way that helps Mr. Hansmann's case.  The new regulation also excluded from drug-treatment programs any inmate whose current offense was a felony that involved a firearm.  See 28 C.F.R. 550.58(a)(1)(vi)(B).  The Supreme Court upheld the validity of that regulation in Lopez v. Davis, 531 U.S. 230, 244 (2001).  Because Mr. Hansmann's offense–felon in possession of a firearm– was clearly a felony involving a firearm, he was ineligible for release under the new regulation.

regulation went into effect, and more than a year after being specifically told that he would not be eligible for early release if he participated in the program. (Slip Op. at 2, 4-5.) Mr. Hansmann then appealed.

## DISCUSSION

We AFFIRM for substantially the reasons stated by the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge