**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GUILLERMO BORGES-BRINDIS,

Petitioner-Appellant,

v.

J. E. GUNJA, Warden; JOHN
ASHCROFT, Attorney General,

Respondents-Appellees.

No. 03-1447
(D.C. No. 02-MK-990 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, Guillermo Borges-Brindis, proceeding pro se, appeals the district court's dismissal of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. He challenges the constitutionality of his detention in immigration custody. We grant his request to proceed in forma pauperis, and affirm.[1]

Mr. Borges-Brindis is a Cuban national who arrived in the United States in 1980 on the Mariel boat lift. Shortly after his arrival, he was released from immigration detention on parole. Between 1980 and 1985, he was convicted of the following crimes: unlawfully possessing a weapon, assault and battery, selling a controlled substance, and first degree manslaughter. Upon his release from prison in 1991, his immigration parole was revoked and he was taken into custody. He was ordered deported in 1991, but has remained in immigration custody since then because Cuba has refused to receive him. He asserts that his indefinite detention violates his constitutional rights.

We review de novo the district court's decision to dismiss the petition for writ of habeas corpus. *Sierra v. INS*, 258 F.3d 1213, 1218 (10th Cir. 2001). As a Mariel Cuban, Mr. Borges-Brindis is "legally considered to be detained at the border and hence as never having effected entry into this country." *Id.* (quotation

---

[1] Because Mr. Borges-Brindis is a federal prisoner, a certificate of appealability is not required to appeal the district court's decision. *Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000) (per curiam).

omitted). Therefore, our review is limited to deciding whether immigration officials "have articulated *some* individualized facially legitimate and bona fide reason for denying parole, and *some* factual basis for that decision in each individual case." *Id*. at 1219 (quotation omitted).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the dismissal of the habeas petition for substantially the same reasons stated in the magistrate judge's June 17, 2003 recommendation and the district court's final order dated August 27, 2003.

Mr. Borges-Brindis' motion to proceed in forma pauperis is granted. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge