**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES DEAN MILLER,

Petitioner - Appellant,

v.

JOSEPH SCIBANA, Warden,

Respondent - Appellee.

No. 07-6227
(D.C. No. 06-CV-01404-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.[**]

James Dean Miller, an inmate proceeding pro se, appeals the district court's

denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. §

2241. He argues that the district court erred in determining that (1) he was

subject to an undischarged term of imprisonment at the time of his federal

sentencing hearing, (2) the Bureau of Prisons (BOP) did not abuse its discretion

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

by denying his request for a nunc pro tunc concurrent designation for the service of his state and federal sentences.[1] He also argues that the federal sentence is punishing him twice for the same offense.

Mr. Miller was arrested in Texas and charged first in state court and then in federal court on drug-related charges arising out of the same conduct. While state charges were pending, he was convicted of a federal charge and sentenced to 71 months' imprisonment and three years' supervised release. Before serving that sentence, he was returned to state custody, pleaded guilty to the state charges and was sentenced to 18 years' imprisonment. He was subsequently transferred to a Texas state prison to serve his state sentence. When he was paroled from that sentence, he was released into federal custody to begin serving his federal sentence. The BOP determined that his federal sentence would run consecutively to his state sentence and denied Mr. Miller's request for a nunc pro tunc concurrent designation of his federal and state sentences.[2] The magistrate judge determined the BOP properly calculated Mr. Miller's sentence and recommended denying Mr. Miller's habeas petition. Insofar as Mr. Miller's petition could be construed as being brought pursuant to 28 U.S.C. § 2255, the magistrate judge

---

[1] Because Mr. Miller is a federal prisoner, a certificate of appealability is not required to appeal the district court's decision. Hunnicutt v. Hawk, 229 F.3d 997, 998 (10th Cir. 2000) (per curiam).

[2] The federal district court did not indicate whether the federal and state sentences should run consecutively or concurrently.

concluded the court lacked jurisdiction because such a challenge must be filed in the Western District of Texas where Mr. Miller was convicted. The district court adopted the magistrate judge's findings and recommendations and denied Mr. Miller's petition.

We review de novo the district court's decision to dismiss the petition for writ of habeas corpus. Weekes v. Fleming, 301 F.3d 1175, 1176-77 (10th Cir. 2002). We have carefully reviewed the record on appeal, as well as the brief submitted by Mr. Miller.[3] We affirm the dismissal of the habeas petition for substantially the reasons stated in the magistrate judge's August 17, 2007 recommendation, R. Doc. 16, and the district court's final order dated September 13, 2007, R. Doc. 18. We note that double jeopardy concerns are not implicated given the dual sovereignty doctrine, see Heath v. Alabama, 474 U.S. 82, 88 (1985), and the magistrate judge correctly recognized that Mr. Miller's challenge to his sentence under U.S.S.G. § 5G1.3(b) would lie in the federal district where he was convicted, the Western District of Texas, see Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[3] Appellee has waived briefing in this case.