**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEAU JAMES MUSACCO,

  Plaintiff-Appellant,

v.

RON TORRES, Director, Bernalillo
County Metropolitan Detention
Center, C.O. SAVARILLO, LARRY
GRANT, C.O. and KENNETH
FLOWERS, C.O.,

  Defendants-Appellees.

No. 08-2261

District of New Mexico

(D.C. No. 6:07-CV-00721-MV-LFG)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

Beau James Musacco, a state prisoner proceeding *pro se*, appeals the

district court's order dismissing his 42 U.S.C. § 1983 action for failure to exhaust

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

administrative remedies under the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that Mr. Mussaco filed his suit prematurely, we affirm the district court's decision and dismiss the appeal. We also deny his motion for increased access to a law library and grant his motion to make partial payments under 28 U.S.C. § 1915.

## BACKGROUND

On July 27, 2007, Mr. Musacco filed a § 1983 action asserting inadequate medical and dental care, assault, and mishandled mail. Mr. Musacco voluntarily dismissed his medical and mail claims; his dental care and assault claims proceeded. After reviewing the defendants' *Martinez* reports, the magistrate judge recommended dismissing the assault claims with prejudice but allowing the dental claim to proceed.

Defendant Ron Torres objected to the dental claim recommendation, arguing *inter alia* that Mr. Musacco failed to exhaust his administrative remedies as required by the PLRA. He also supplemented the *Martinez* report with affidavits and evidence. Mr. Musacco did not object to the magistrate's recommendation, but did respond to Mr. Torres's objections.

The district court adopted the magistrate's recommendation on the assault claims but, based on Mr. Torres's submission, dismissed the dental claim without prejudice for lack of exhaustion. Mr. Musacco appeals only the dental claim.

-2-

## DISCUSSION

### A. Dismissal of Dental Claim

We review dismissal under the PLRA for failure to exhaust administrative remedies de novo. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1185 (10th Cir. 2004). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement specifies that a prisoner's claim be administratively exhausted prior to the filing of the action in court. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). It is undisputed that Mr. Musacco filed his lawsuit before the time for prison officials to respond to his grievance had expired. The district court therefore properly dismissed his dental claim.

Mr. Musacco contends that the district court should not have considered the affidavits and evidence Mr. Torres submitted after the magistrate judge recommended allowing the dental claim to proceed. That is not correct. If a party objects to a magistrate's recommendation, the Federal Rules of Civil Procedure provide that "[t]he district judge may accept, reject, or modify the recommended decision, *receive further evidence*, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b) (emphasis added). Moreover, under 28 U.S.C. § 636(b), "The judge may also receive further

-3-

evidence or recommit the matter to the magistrate judge with instructions." In accordance with these provisions, this Court has held that the district court may receive additional evidence after the magistrate judge makes a recommendation. *Hunnicutt v. Hawk*, 229 F.3d 997, 1001–02 (10th Cir. 2000). The district court, in its discretion and in the interest of rendering a decision on the basis of a complete record, properly considered the evidence submitted by Mr. Torres in support of his objections.

Mr. Musacco also contends that his lawsuit should not be dismissed for failure to exhaust administrative remedies because the relevant prison officials withhold policy handbooks, make it difficult for inmates to file grievances, and do not adhere to the formal grievance policy themselves. However, the record indicates that Mr. Musacco received grievance procedure training, signed a form acknowledging this training, and had a working knowledge of the grievance procedure. Indeed, the record demonstrates that he has submitted multiple grievances, showing that he is adequately familiar with the procedures. Moreover, any alleged interference with his ability to file and complete the grievance procedure is irrelevant, since there was no procedural defect in the forms he submitted in support of his grievance. The problem is that he did not allow his dental care grievance to proceed to its conclusion before he filed the present suit.

This Court has held that a prisoner cannot be required to wait indefinitely for a response to his grievance before he may seek judicial review. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Indeed, prison officials' "failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Id*. Thus, if the prison officials failed to respond to Mr. Musacco until more than two months after he submitted his grievance, as the record suggests, he was entitled to file suit after the time limits had expired. Mr. Musacco, however, did not wait for this to take place. Instead, he filed suit while the process was still underway. Thus, his administrative remedies had not been exhausted.

## B. Other Motions

On appeal, Mr. Musacco also makes a claim that he was denied adequate access to the prison law library, but he did not make this claim before the district court, and it is therefore waived. In any event, he has not demonstrated an actual injury. A prisoner does not demonstrate a constitutional violation "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. This Mr. Musacco had not done.

We grant Mr. Musacco's motion to proceed on this appeal by partial payment under 28 U.S.C. § 1915. Although he has not prevailed on the merits, he appears to have proceeded on the basis of a good faith misreading of the complicated rules for exhaustion.

## CONCLUSION

We **AFFIRM** the district court's judgment against Mr. Musacco and **DISMISS** this appeal. We also **DENY** Mr. Musacco's motion for access to a law library, but **GRANT** his motion to proceed on appeal by partial payments pursuant to 28 U.S.C. § 1915. He is reminded to make those payments as scheduled.

Entered for the Court

Michael W. McConnell
Circuit Judge