**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM BRIAN MULDER, a/k/a Bill
Mulder,

    Defendant - Appellant.

No. 24-5027
(D.C. No. 4:19-CR-00157-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.

_____

William Brian Mulder, appearing pro se, appeals the district court's denial of a

sentence reduction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

**A.    Mulder's conviction and sentence**

In June 2022, Mulder pleaded guilty to two counts—fraud and money

laundering—of a 78-count indictment. The district court sentenced him to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

84 months' imprisonment followed by three years of supervised release and ordered him to pay restitution of nearly $8.5 million.  During the time period relevant to this appeal, Mulder was housed at FCI Butner, Medium I, but he has also spent time at the Butner Complex's medical center, FMC Butner.

**B.    Mulder's first motion for sentence reduction; motion for reconsideration**

In November 2022, Mulder, then 64 years of age, filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate release statute.  As relevant here, the statute provides that, on motion, a district court "may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," but only "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  § 3582(c)(1)(A)(i).

In his motion, Mulder described a multitude of major health issues, including Behavioral Variant Frontotemporal Dementia ("BVFD"), which he claimed was terminal, and myelodysplastic syndrome ("MDS").  He alleged the Butner medical staff was unable to provide adequate medical care for his complicated conditions.  In particular, he alleged that a failure to provide him with a critical medication caused him to lose consciousness and fall in August 2022, which resulted in serious injuries, including a traumatic brain injury, a torn ACL, constant headaches, and some loss of vision and hearing.  He further alleged that his conditions impaired his ability to perform activities of daily living ("ADLs").  He asked the court to release him from

prison or place him on home confinement so he could receive care from his own doctors, including those at the Mayo Clinic.

In January 2023, the district court denied Mulder's motion. After summarizing his medical conditions and prescription medications, the court made the following findings: The Bureau of Prisons ("BOP") listed his "current healthcare at Level 3—Unstable, Complex Chronic Care." R. vol. I at 733. He was being seen regularly at the prison and by specialists at Duke Regional Hospital. His providers were aware of his medical history and in possession of his Mayo Clinic records. His five most recent blood pressure readings were significantly lower than those he reported from 2021 and early 2022. After he fell, he was taken to a hospital for a CT scan, which showed no intracranial bleeding, and after some mild initial confusion, he was alert and oriented. Mulder "did not lose consciousness, and suffered a bruise to his face [and] a cut that was sealed with adhesive." *Id.* at 733. He also sustained "a relative afferent pupillary defect to his right eye, for which no treatment was recommended, as his vision may gradually improve with time, and would be monitored by his healthcare providers." *Id.* at 733–34. He was discharged from the hospital the next day. The medical records contradicted his claim that he has a diminished ability to perform ADLs. Many of his reasons for compassionate release were "based on subjective beliefs or claims that are not supported by his medical record," and his "providers have noted inconsistencies between his reports and his objective condition." *Id.* at 734.

3

Based on Mulder's medical records, classification status, and treatment history, the district court found Mulder was "not at undue risk" because he was receiving "comprehensive medical care" at a facility that could provide "immediate diagnosis and specialized treatment for a wide range of health concerns," and he had "not demonstrated that his imprisonment places him in jeopardy of life-threatening complications." *Id.* at 735. Thus, the court concluded that Mulder's "medical conditions and imprisonment do not rise to the level of extraordinary and compelling reasons to warrant a reduction of sentence" under § 3582(c)(1)(A)(i). *Id.*

In a series of filings, Mulder again sought a reduction in sentence pursuant to § 3582(c)(1). The district court construed these filings collectively as a motion to reconsider its January 2023 order denying compassionate release based on several concerns: The BOP misplaced Mulder's CPAP machine. The court had understated the complications from his August 2022 fall—he had in fact lost consciousness; was hospitalized; sustained a concussion; has dizziness, vision and hearing loss, and ongoing severe headaches; and needs assistance with some ADLs. In April 2023 he contracted COVID-19. The BOP cannot adequately address his conditions. And a BOP neurologist recommended that Duke neurosurgery immediately evaluate Mulder for a cerebrospinal fluid leak that could be causing his vision loss, but a BOP physician delayed that examination by requesting a second opinion.

The district court dismissed the motion to reconsider as untimely and alternatively denied it on the merits. The court found that the CPAP machine had been replaced, the consultation with Duke neurosurgery had been arranged, and

4

Mulder's Level 3 classification afforded him adequate medical care, including assistance with some ADLs and periodic hospitalization. The court noted that if Mulder's health deteriorated further, he would be eligible for Level 4 care, "which provides inmate care at a BOP Medical Referral Center offering significantly enhanced medical services, to include 24-hour skilled nursing care or nursing assistance, if necessary." R. vol. 1 at 745.

## C.    Mulder's second motion for sentence reduction

Mulder next filed another motion for a sentence reduction supplemented with nine other filings. He alleged his multiple medical conditions had worsened, identifying the most serious conditions as congestive heart failure, BVFD, MDS, lingering effects from his COVID-19 infection, and vision loss. He alleged his BOP medical records contained many errors and misleading or fraudulent statements. He reasserted that the BOP was providing inadequate care for his conditions. He provided the district court with an article from National Public Radio critical of the quality of medical care at the Butner Complex. He sought both compassionate release under § 3582(c)(1) and a sentence reduction under § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines.[1]

---

[1] Section 3582(c)(2) authorizes a court to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). The Sentencing Commission adopted Amendment 821 in November 2023. In relevant part, Amendment 821 added USSG § 4C1.1 to provide for a two offense-level reduction for certain defendants with zero criminal history points. *See* USSG Supp. App. C, amend. no. 821, Pt. B, Subpart 1, at 236–37 (2023). Courts may apply the reduction retroactively. *See* USSG § 1B1.10(d).

The district court treated the ten filings collectively as a second motion for a reduction in sentence and denied it.  After summarizing Mulder's medical conditions and medications, the court observed that testing at the Duke Medical Center revealed no intracranial abnormalities, an unlikely risk of a cerebrospinal fluid leak, and normal vital signs, all of which resulted in an opinion that Mulder did not require further emergent intervention and a recommendation that he follow up with his primary care physician.  The court also recounted that an oncology review determined he had a very low-risk MDS.  However, the court found that due to his many health conditions and his advanced age, Mulder was at increased risk from a COVID-19 outbreak at the prison.  The court therefore concluded he had shown extraordinary and compelling circumstances that could warrant a sentence reduction pursuant to § 3582(c)(1)(A)(i) and § 1B1.13(b)(1)(D) of the United States Sentencing Guidelines.[2]  Turning then to the § 3553(a) factors, the court found that "[t]he breadth, extent, large monetary loss, and serious nature of [Mulder's criminal] conduct" and the fact he had served only 18 months of his sentence outweighed the bases for reducing it.  R. vol. I at 813.[3]

---

[2] As relevant to the court's ruling, USSG § 1B1.13(b)(1)(D) provides that "[e]xtraordinary and compelling reasons" for a sentence reduction "exist" when a "defendant is housed at a correctional facility affected or at imminent risk of being affected by . . . an ongoing outbreak of infectious disease," the defendant's "health risk factors and custodial status" place him "at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak," and "such risk cannot be adequately mitigated in a timely manner."

[3] The § 3553(a) factors are "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; the need for a sentence to reflect the

The district court also denied Mulder's request for an Amendment 821 reduction in sentence. The court recounted that the parties had agreed to a sentencing range of 70 to 90 months "regardless of any advisory Sentencing Guidelines calculations" and found that if the court sentenced Mulder "today under like circumstances with a two-point Amendment 821 reduction to the sentencing range," the "Court would impose the same sentence." *Id.* at 814–15 (internal quotation marks omitted).

## D.    Mulder's third motion for sentence reduction; motion for reconsideration

Soon after the district court denied Mulder's second motion for a sentence reduction, Mulder filed two supplemental motions for a reduction in sentence. In these filings, Mulder stated Butner's warden had just recently approved a reduction in sentence/compassionate release. He also provided details of additional or worsening medical conditions as documented by various providers and continued to assert the BOP was providing inadequate medical care. He asked the district court to grant him compassionate release under § 3582(c)(1).

The district court construed the two supplemental motions as a third motion for compassionate release and denied it. The court found that "[a]side from ambulatory concerns, blackouts, and worsening vision—apparent symptoms or

---

crime's seriousness, "to promote respect for the law," "to provide just punishment," to deter future crimes, "to protect the public from further crimes of the defendant," and to provide rehabilitation; the legally available sentences; the Sentencing Guidelines; the Sentencing Commission's policy statements; "the need to avoid unwarranted sentence disparities"; and the need for restitution.

complications of previously argued health problems, [Mulder] has not presented new evidence or a fresh § 1B1.13 argument sufficient to overcome this Court's previous § 3553(a) finding that a reduction of sentence is unwarranted." R. vol. I at 852. Consequently, the court found that Mulder's original sentence was "sufficient, but not greater than necessary, to comply with" sentencing purposes and justified by Mulder's "nature and characteristics[,] . . . the seriousness of the offense, the need to promote respect for the law, the necessity to protect the community from further crimes, and the need to provide for adequate deterrence." *Id.*

Mulder filed a motion for reconsideration. On February 9, 2024, the district court denied the motion because it raised issues the court had resolved in its orders denying Mulder's three motions for a sentence reduction and presented no new factual or legal bases supporting his request for compassionate release.

Mulder appeals.

## II. STANDARD OF REVIEW

We review a district court's denial of a sentence reduction under § 3582(c)(1)(A)(i) or § 3852(c)(2) for an abuse of discretion. *See United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (§ 3582(c)(1)(A)(i)); *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (§ 3582(c)(2)). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *Piper*, 839 F.3d at 1265 (internal quotation marks omitted), or "when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly

unreasonable judgment," *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted).  Because Mulder represents himself, we afford his pro se filings a liberal construction, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III.  DISCUSSION

Based on § 3582(c)(1)(A)(i)'s prerequisites, this court has adopted a three-step test district courts are to apply when determining whether to grant a motion for compassionate release.  *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  At step one, "a district court must find whether extraordinary and compelling reasons warrant a sentence reduction."  *Id.* (brackets and internal quotation marks omitted).  At step two, "a district court must find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* (emphasis, brackets, and internal quotation marks omitted).  And at step three, a district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case."  *Id.* (brackets and internal quotation marks omitted).

Mulder identifies six issues on appeal.  In his first and second issues, he argues the district court failed to recognize he qualifies for a reduction in sentence under provisions of USSG § 1B1.13(b)(1) and BOP Program Statement 5050.50[4]

---

[4] "A BOP program statement is an interpretative statement of position circulated within the agency that serves to provide administrative guidance in

concerning terminal, serious, and debilitating medical conditions, medical conditions requiring "long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," USSG § 1B1.13(b)(1)(C), and infectious-disease outbreaks at a defendant's prison. Relatedly, and more generally, Mulder asserts the district court understated his health status and omitted some of his serious medical conditions.

We see no abuse of discretion in the district court's analysis of Mulder's medical conditions. In its orders denying the first and second motions, the district court detailed Mulder's medical conditions. In its order denying the second motion, the court determined that in combination with a COVID-19 outbreak at Butner, Mulder had in fact met the step-one requirement to demonstrate extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i) and USSG § 1B1.13(b)(1)(D). And in its order denying Mulder's third motion, the court made clear it had considered his most current account of his medical conditions. It is immaterial that the court did not base its step-one finding solely on the presence of either a terminal condition or a serious or debilitating condition. Even if the court did not expressly mention all of Mulder's many serious or debilitating conditions, it

---

applying a then existing published rule." *Hunnicutt v. Hawk*, 229 F.3d 997, 999 n.2 (10th Cir. 2000) (brackets and internal quotation marks omitted). In relevant part, Program Statement 5050.50 informs the BOP's decision whether to file a § 3582 motion for a sentence reduction on behalf of an inmate when that inmate has a terminal or debilitated medical condition.

was clearly aware of them, and it expressly noted Mulder's view that his medical conditions were "likely lethal[.]"  R. vol. I at 808.

In any event, the district court based its denial of a reduction in sentence on a step-three evaluation of the § 3553(a) sentencing factors.  That alone was a sufficient basis for denying a reduction.  Although a district court must address all three steps before it may grant a compassionate-release motion, it may deny such a motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."  *McGee*, 992 F.3d at 1043 (internal quotation marks omitted).  That said, this court has observed that "the facts allegedly establishing extraordinary and compelling reasons for release . . . are relevant to the § 3553(a) analysis," and a district court may not "deny compassionate-release relief on the ground that release is not appropriate under § 3553(a) if the court has not considered the facts allegedly establishing extraordinary and compelling reasons for release," *United States v. Hald*, 8 F.4th 932, 947 (10th Cir. 2021).  However, as we have noted, the district court considered those facts here but found that when balanced against the § 3553(a) factors, a sentence reduction was not warranted.  We see no abuse of discretion in the district court's finding.

In his third issue, Mulder claims the district court essentially sentenced him to death when it recognized that in light of his serious medical conditions (including a critically low white blood cell count that leaves him at high risk of catching a serious infection), the COVID-19 risk at Butner amounted to extraordinary and compelling circumstances yet declined to order compassionate release.  In essence, this argument

11

challenges the district court's balancing of the § 3553(a) factors against Mulder's susceptibility to contracting a COVID-19 infection.  But we see no abuse of discretion in the balance the district court struck.

In his fourth issue, Mulder contends the district court placed too much weight on the percentage of the 84-month sentence he had already served, and he alleges he has been incarcerated long enough to have respect for the law.  In his fifth issue, Mulder asserts that he poses no risk of recidivism and is not a threat to the community.  These arguments ask us to reweigh the § 3553(a) factors, but "reweighing [those] factors is beyond the ambit of our [abuse-of-discretion] review," *United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020).

In his sixth issue, Mulder argues the district court largely overlooked that the Butner Complex provides substandard health care and allegedly is no longer an accredited medical facility.  The record, though, reflects that the district court acknowledged Mulder's arguments that he was receiving substandard care but disagreed with his position.

We perceive one other issue adequately presented in Mulder's opening brief.  Mulder contends the district court erred in denying his request for an Amendment 821 sentence reduction.  As we understand him, Mulder faults the district court's rationale—that it would impose the same sentence "today under like circumstances," R. vol. I at 814–15—because his health has worsened since his original sentencing, so the circumstances are not the same.  We read the district court's reference to "like circumstances" to mean the parties' agreement to a

sentencing range of 70 to 90 months' imprisonment, and that in those circumstances, a two-point reduction to the sentencing range under Amendment 821 would not alter the sentenced imposed, even accounting for Mulder's current health status. We see no abuse of discretion in the district court's reasoning.

## IV. CONCLUSION

We affirm the district court's denial of Mulder's requests for a reduction in sentence.

Entered for the Court

Bobby R. Baldock
Circuit Judge